NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 06-479-AHM |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT** |
| | ) | **SOMOZA'S MOTION TO WITHDRAW** |
| v. | ) | **GUILTY PLEAS** |
| | ) | |
| | ) | |
| CURTIS D. SOMOZA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

The motion of defendant Curtis D. Somoza ("Somoza") to withdraw his guilty pleas was heard on July 13, 2009. For the reasons set forth below, the motion is DENIED.

The motion was brought pursuant to Fed. R. Criminal Procedure 11(d)(2), which allows a defendant to withdraw a guilty plea for a "fair and just reason." Fair and just reasons for withdrawal of a guilty plea include: (1) an inadequate Rule 11

plea colloquy; (2) newly discovered evidence; (3) intervening circumstances; or (4) any other reasons for withdrawing the plea that did not exist when defendant entered his plea. United States v. Showalter, ___ F.3d ____, 2009 WL 1813276 (9th Cir. 2009); United States v. McTiernan, 546 F.3d 1160, 1167 (9th Cir. 2008). The defendant bears the burden of demonstrating the existence of one of these conditions. Fed. R. Crim. P. 11(d)(2)(B); United States v. Davis, 428 F.3d 802, 805 (9th Cir. 2005).

In his motion, Somoza alleges three bases that he claims constitute "fair and just reasons" for the withdrawal of his guilty pleas entered October 22, 2008: (1) his then-counsel Edward Robinson ("Robinson") provided incorrect advice regarding Somoza's ability to raise a claim of ineffective assistance of counsel regarding a destruction of evidence claim; (2) a breakdown in the attorney-client relationship between Somoza and Robinson such that defendant was coerced into pleading guilty; and (3) defendant was not competent to enter a guilty plea. None of the grounds raised by Somoza is supported by the record and none constitutes a fair and just reason justifying a withdrawal of Somoza's guilty pleas, even when that standard is applied liberally, as it must be.

Claim Regarding Erroneous Advice

The record demonstrates that prior to his guilty pleas, Somoza was given correct advice regarding the manner, procedure, and timing of his future right and opportunity to claim

2

ineffective of assistance of counsel based on his counsel's failure to pursue a motion to dismiss the indictment for destruction of evidence. Late in the day on the first day of trial, October 21, 2008, Somoza indicated that he wanted to plead guilty, but wanted advice regarding the potential merits of a later attack on his guilty pleas. In response, this Court advised Somoza as follows:

> THE COURT: If you plead guilty to any or all of the counts that are currently alleged against you, you will be giving up your right to appeal the finding of guilt. You won't be able to appeal that. You will be able to appeal the sentence. And you would always be able, after the final outcome of the case, to allege on something called collateral relief the unconstitutional -- the allegedly unconstitutional deprivation of your right to assistance of counsel.
>
> So if you wanted to place into question whether or not the conviction was procured as a result of a failure on the part of Mr. Robinson, or presumably your other lawyers, you could challenge that in something that comes to me initially, not to the Court of Appeals. That's called collateral relief. It's commonly known as a 2255 motion. But first you would have to plead guilty, and you would have to be sentenced, and you would have a right to appeal the sentence, and then you could file the collateral relief. Did I state correctly what you understand the law to be, Ms. Feeney?
>
> MS. FEENEY: Yes, Your Honor.
>
> THE COURT: Mr. Robinson?

MR. ROBINSON:  That's how I've advised Mr. Somoza, Your Honor. (RT 10/21/08 at 14).[1]

As an explanation of the standards applied to a court's analysis of an ineffective assistance of counsel claim, the Court gave Somoza a copy of pages 1-6, 33-37, 44-45, 59, and 70-76 from the Court's order in <u>Bohana v. Vaughn</u>, CV 04-3037-AHM (MAN) which set forth the standard for an ineffective assistance of counsel claim under <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052 (1984). (RT 10/21/08 at 17-18; Ex. 4 to Government's Opposition). Mr. Somoza had this material before he pled guilty the next day.

In addition, on October 22, 2008, the Court advised Somoza as follows during his guilty pleas.

THE COURT:   Another right you are giving up is the right to appeal, and by that I mean the right to appeal the finding of guilt.

If I accept your plea to these counts today, you will be guilty. When you leave this courtroom, you will be a felon as to those counts which are felonies. You will have no right to withdraw your plea later on, so you can't appeal the finding of guilt.

You will have the right to appeal the sentence. You are not giving up that right. And you will also have the right to pursue, if you want to, claims of constitutional violations through something called a collateral attack. But you are giving up your right to appeal the finding of guilt.

---

[1] At no time has Defendant challenged the accuracy of Mr. Robinson's assurance.  Thus, the record is undisputed that Defendant's counsel *did* advise him of these "2255" procedures.

4

```
                    Do you understand that?
THE DEFENDANT: May I confer with counsel for a second?
THE COURT:     Yes.
```
*(Counsel and defendant confer off the record.)*
```
THE DEFENDANT: Your Honor.
THE COURT:     Do you understand what I said?
THE DEFENDANT: Yes. Yeah, I do, yes, sir.
THE COURT:     And do you wish to give up those rights of appeal?
THE DEFENDANT: Yes, sir.
```
(RT 10/22/08 at 15-16).

As set forth above, the Court provided Somoza, prior to his guilty pleas, with correct advice concerning the circumstances, timing, and manner under which Somoza would be permitted to pursue a claim for ineffective assistance of counsel with respect to the alleged destruction of evidence by the government.[2] Robinson explained the same thing to Somoza. (RT 10/21/08 at 14; Robinson Declaration at ¶ 10).

Somoza's claim that he did not understand that pleading guilty would prevent him from attacking his guilty pleas on direct appeal lacks credibility and is unsupported by the record. Indeed, the record is replete with numerous instances of Somoza having been given the correct advice both by this Court (both orally and in writing) and by his counsel.

---

[2] The Court, by this order, is not making any ruling with respect to the merits of any ineffective assistance of counsel claim which may be filed by Somoza in the future.

For these reasons, this case is very different from the facts in United States v. McTiernan.  In that case, the initial lawyer failed to provide to defendant any advice regarding whether to file or how to pursue a suppression motion.  The lawyer merely confirmed that he had not "see[n] any basis for suppressing."  That is why the Ninth Circuit remanded the case for a full evidentiary hearing to determine whether that defendant could establish a fair **and** just reason to withdraw his guilty plea.  Here, unlike McTiernan, the record is replete with evidence that Somoza was given correct advice prior to his guilty plea regarding his ability to attack his counsel's effectiveness.

<u>Claim Regarding Breakdown in Relationship</u>

Somoza's second claim, that his relationship with Robinson was so damaged that his guilty pleas were involuntary and coerced, is also unproved and unfounded.

Somoza initially requested to remove Robinson on October 15, 2008.  However, he quickly backed off the request and agreed that he wished Robinson to continue to represent him.  (RT 10/15/08 at 54).  Indeed, at that time, Somoza agreed that Robinson was doing a good job in his case, apart from his failure to file the motion to dismiss the indictment that Somoza wanted filed. (Id.).  He agreed that Robinson knew the case, worked very hard and was a good lawyer.  At that same hearing, Robinson explained in general terms his tactical reasons for declining to file the motion in question.  (10/15/08 at 4-7; 9-11; 55-56).  In his declaration, filed on this motion after Defendant had waived the attorney-

client privilege, Robinson set forth additional detail regarding his investigation of the motion and his tactical decisions. (Robinson Declaration at ¶¶  2-8).

The Court also accepts Robinson's statements about the nature of his working relationship with Somoza and finds that his efforts included thirty visits to Somoza at the Metropolitan Detention Center to discuss his case. (Robinson Declaration at ¶¶ 2-13).[3] Somoza has not refuted Robinson's declaration and has not signed any of the documents he filed with the reply brief. Those documents are unsupported.

Somoza did not renew his request to have Robinson removed until after trial commenced on October 21, 2008. At that time, the Court found based on the record before it, including the fact that Somoza had previously **replaced** several other attorneys, that the request was made for purpose of delaying the trial. The request was denied.

Moreover, the record shows Somoza was not coerced to plead guilty, but instead was given time to consider his prospective guilty plea. Somoza had discussed pleading guilty with Robinson before October 15, 2008. (Id. at ¶¶ 9, 11). On October 21, 2008, the Court refused to take Somoza's guilty plea and told him to consider **whether to enter** that plea over night. (RT 10/21/08 at 21). The next morning, Somoza discussed his guilty plea in

---

[3]This finding, in turn, results in the finding that Somoza's claim that Robinson met with him at MDC "only a handful of times" is not credible.

lock-up for one hour with Robinson. (Robinson Declaration at ¶ 11). Somoza even made changes to the factual basis. (Robinson Declaration at ¶ 12). Somoza has not refuted this record.

    Based on the record, there is no doubt that Somoza wanted to plead guilty and that his decision to do so was voluntary. Somoza even admitted during his guilty plea that he was satisfied with Robinson's representation.

```
THE COURT:      Okay.  Now, I know that you've had your issues
                with Mr. Robinson – and there's a record that's
                clear about that – but have you had enough time to
                discuss this matter about pleading guilty with him
                sufficiently to reach an informed and voluntary
                decision today.
THE DEFENDANT:  I believe so, sir.
THE COURT:      Are you satisfied with the representation Mr.
                Robinson has provided you at least for the point
                of deciding whether you wanted to plead guilty and
                going through this plea.
THE DEFENDANT:  I believe so, sir.
THE COURT:      Any complaints about his performance other than
                the issue of the computer and his not making a
                motion about the computer.
THE DEFENDANT:  No, sir.
THE COURT:      So is it your decision to plead guilty today?
THE DEFENDANT:  Yes, sir.
THE COURT:      And have you made that decision freely?
THE DEFENDANT:  Yes, sir.
THE COURT:      And have you made it voluntarily?
THE DEFENDANT:  Yes, sir.
```

(RT 10/22/08 at 44-45).

8

The Court also rejects Somoza's argument that his use of certain phrases during the guilty plea somehow provides evidence of the coerced nature of the plea.  To the contrary, Somoza's use of the words "or caused to be" several times during the plea colloquy demonstrated that he had an analytical, concise, clear, and knowing understanding of aiding and abetting law and reflected his consciousness that he had a co-conspirator. Somoza's words reflected coherence, lucidity and precision.

Defendant has not met his burden of showing a breakdown in communications with Robinson rendering his guilty pleas involuntary.  To the contrary, the record establishes that Robinson and Somoza did communicate well.  Thus, this cannot form the basis of a fair and just reason to permit Somoza to withdraw his guilty pleas.

Claim that Somoza was Incompetent

Somoza contends he was not competent to enter a guilty plea because he was depressed, confused, tired, and sleep deprived on the day of his plea.  The Court finds this claim without merit. As stated above, at the time of his guilty pleas, the Court found Somoza to be analytical, concise, clear and lucid.  Moreover, paragraph 13 of the Robinson declaration reveals that during their professional relationship Somoza was fully engaged and also had an excellent understanding of the charges against him, the evidence, and any defenses.  In his reply brief, Somoza did not dispute this observation.

The Court finds that Somoza was as competent as anyone could be to pled guilty.  During the plea colloquy, the Court asked Somoza a number of questions, just to be sure that **the Court's** observations of competence were correct.  Somoza admitted he could think clearly and denied being under a doctor's care. (RT 10/22/08 at 11).  Somoza also denied taking any medication other than a sleeping pill the night before.  (Id. at 11-12).  After the Court and counsel set forth the elements of the crimes to which Somoza was pleading guilty and the factual basis, all of which defendant said he understood, the court also asked Somoza if he had any questions. (RT 10/22/08 at 34).  Somoza said he had no questions and that his counsel had accurately summarized Somoza's conduct.  (Id.)

Given the Court's personal observations of Somoza in the days prior to and at the time of his pleas, Robinson's observations of Somoza both prior to and during his plea colloquy, and Somoza's affirmative responses to the Court during the colloquy that he was thinking clearly, not on medication and in agreement with his counsel's recitation of the facts supporting his guilty pleas, there is not a fair and just basis to allow him to withdraw his guilty plea on this ground.

DATED: July 16, 2009 _____

THE HONORABLE A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE